**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** )<br>**(RURAL DEVELOPMENT),** )<br>  )<br>  **Plaintiff,** )<br>  **v.** )<br>  )<br>**JUAN C. SOTO, SR. and LUZ E. SOTO,** )<br>  )<br>  **Defendants.** )<br>_____) | **Civil Action No. 2019-0038** |

**Attorney:**
**Angela Tyson-Floyd, Esq.,**
St. Croix, U.S.V.I.
  *For Plaintiff United States of America (Rural Development)*

## JUDGMENT AND ORDER

**UPON CONSIDERATION** of the "Motion for Default Judgment" (Dkt. No. 34) filed by Plaintiff United States of America (Rural Development) ("United States") against Defendant Luz E. Soto; the entire record herein; and for the reasons stated in the Memorandum Opinion filed contemporaneously herewith, it is hereby

**ORDERED, ADJUDGED AND DECREED** that the United States' "Motion for Default Judgment" (Dkt. No. 34) against Defendant Luz E. Soto is **GRANTED** to the extent set forth herein; and it is further

**ORDERED, ADJUDGED AND DECREED** that United States has a first priority lien on the property described in the Complaint as:

> Plot No. 324 of The Whim Estates, West End Quarter St. Croix, Virgin Islands, consisting of 0.126 U.S. acres, more or less as more fully shown and described on Public Works Drawing No. 2965 dated June 9, 1971.

("the Property"); and it is further

**ORDERED, ADJUDGED AND DECREED** that the United States is awarded final judgment against Defendant Luz E. Soto in the amount of the principal balance of $45,467.21; accrued interest from May 16, 2014 through October 15, 2021 of $21,090.73; accrued interest from October 16, 2021 through the date of entry of Judgment of $4,640.16; late charges of $111.99; fees of $15,758.84 (consisting of escrow fees for taxes and insurance of $15,268.07, additional escrow fees of $290.77, and title search fees of $200.00); accrued interest on the fees (taxes, insurance, title search fees) through October 15, 2021 of $2,677.56; and accrued interest on the fees (taxes, insurance, title search fees) from October 16, 2021 through the date of entry of Judgment of $1,578.63, for a total indebtedness of $91,325.12; and it is further

**ORDERED, ADJUDGED AND DECREED** that the total indebtedness of $91,325.12 shall accrue interest at the federal statutory rate, pursuant to 28 U.S.C. § 1961(a), from the day after the entry of Judgment until this Judgment is satisfied; and it is further

**ORDERED, ADJUDGED AND DECREED** that the United States' Mortgage dated October 16, 1998, is hereby **FORECLOSED,** and all other liens or encumbrances subsequent or inferior to the United States' Mortgage, or that may have been recorded any time thereafter against the interest of Defendant Luz E. Soto or her successors and assigns in the Property, are hereby **FORECLOSED**; and it is further

**ORDERED, ADJUDGED AND DECREED** that Defendant Luz E. Soto and all persons claiming from or under her shall be forever barred and foreclosed from all rights of redemption and claims to the Property except for statutory redemption rights in accordance with V.I. Code Ann. Tit. 28, § 535; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Property shall be sold by the U.S. Marshal according to law at a judicially supervised sale and that the proceeds of such sale shall be applied first to the expenses associated with any sale, including but not limited to the costs of

publication and the commission assessed by the United States Marshals Service pursuant to 28 U.S.C. § 1921, and then toward satisfaction of this Judgment in favor of the United States including any costs and attorneys' fees that may be awarded upon application and any sums that may be paid by the United States for insurance premiums, taxes, and expenditures necessary to maintain the Property pending sale, with interest at the federal statutory rate from the date of any such payment; and it is further

**ORDERED, ADJUDGED AND DECREED** that any surplus remaining after the application of the proceeds as provided above, shall be distributed in accordance with 5 V.I.C. § 489; and it is further

**ORDERED, ADJUDGED AND DECREED** that time is of the essence for the payment of all amounts in connection with the Marshal's Sale; and it is further

**ORDERED, ADJUDGED AND DECREED** that:

1. Pursuant to 5 V.I.C. § 484, notice of the Marshal's Sale shall be posted for four weeks prior to the sale in a public place in or near the Office of the Clerk of Court; and published once a week for at least four consecutive weeks prior to the sale in a newspaper regularly issued and of general circulation in the U.S. Virgin Islands. The notice shall describe the Property as set forth above and shall contain the terms and conditions of sale as set forth herein.

2. The terms and conditions of the sale shall be as follows:

    a. The Property shall be seized and sold at public sale at the Office of the U.S. Marshal, 3013 Estate Golden Rock, Federal Building, Christiansted, St. Croix, U.S. Virgin Islands, in accordance with 28 U.S.C. §§ 2001 and 2002;

    b. The United States may bid a credit against its judgment and interest thereon, plus any costs, fees, and expenses, without tender of cash;

    c. The terms of sale as to all other persons or parties bidding shall be bank check, money order, or other certified funds. The successful bidder shall be required to deposit with the United States Marshal cash equal to ten percent (10%) of the bidder's total bid at or before 5:00 p.m. on the date of sale; and the remaining ninety percent (90%) of said purchase price shall be paid on or before 5:00 p.m. within thirty (30) days, inclusive, of the date of sale;

    d. The successful bidder shall be responsible for the payment of stamp taxes, recording fees, and related charges associated with obtaining and recording a deed to the Property;

    e. The United States Marshal shall make his report of sale within ten (10) days from the date of sale.

    f. If no objections have been filed in writing with the Clerk of Court within five (5) days after the return of the sale by the Marshal, the sale shall be confirmed upon motion of the United States or the purchaser.

3. The United States shall have any and all writs necessary to execute the terms of this Judgment; and it is further

**ORDERED, ADJUDGED AND DECREED** that the United States shall be entitled upon proper application to judgment against Defendant Luz E. Soto for any deficiency that may remain after the sale of the Property; and it is further

**ORDERED, ADJUDGED AND DECREED** that a copy of this Judgment shall be directed to the counsel of record for the United States; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Clerk of Court is directed to provide a copy of this Judgment to the U.S. Marshal for service on Defendant Luz E. Soto.

    **SO ORDERED.**

Date: June 3, 2023                                                             _____/s/_____
                                                                                                WILMA A. LEWIS
                                                                                                District Judge