**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>(RURAL DEVELOPMENT), )<br>)<br>Plaintiff, )<br>v. )<br>)<br>JUAN C. SOTO, SR. and LUZ E. SOTO, )<br>)<br>Defendants. )<br>) | Civil Action No. 2019-0038 |

**Attorney:**
**Angela Tyson-Floyd, Esq.,**
St. Croix, U.S.V.I.
*For Plaintiff United States of America (Rural Development)*

**MEMORANDUM OPINION**

**Lewis, District Judge**

THIS MATTER comes before the Court on Plaintiff United States of America's (Rural Development) ("United States") "Motion for Default Judgment" against Defendant Luz E. Soto ("Defendant L. Soto" or "Defendant").[1] (Dkt. No. 34). For the reasons discussed below, the Court will grant the United States' Motion for Default Judgment.

**I. BACKGROUND**

On August 13, 2019, the United States filed a Complaint for debt and foreclosure against the Soto Defendants. (Dkt. No. 1). The United States alleges that, on or about October 16, 1998, the Soto Defendants executed and delivered to the United States a Promissory Note (the "Note") in which they promised to pay the principal sum of $75,000, plus interest at the rate of 6.25% per

---

[1] On February 16, 2022, the Court granted the United States' "Motion to Enter Consent Judgment as to Juan C. Soto." (Dkt. No. 37). The Consent Judgment left the claims against Defendant Luz E. Soto intact. *Id.* at 2. The instant Motion for Default Judgment is therefore only against Defendant Soto.

annum, in monthly installments beginning on November 16, 1998. *Id.* at ¶ 6. As security for payment on the Note, the Soto Defendants executed and delivered to the United States a Mortgage encumbering the property described as:

> Plot No. 324 of The Whim Estates, West End Quarter St. Croix, Virgin Islands, consisting of 0.126 U.S. acres, more or less as more fully shown and described on Public Works Drawing No. 2965 dated June 9, 1971.

("the Property"). *Id.* at ¶ 7.[2] The Complaint further alleges that the Soto Defendants entered into a Subsidy Repayment Agreement which allows the United States to recapture interest credits granted to Defendants upon foreclosure of the Mortgage; a Reamoritization Agreement which provided that monthly installments of $524.54 would be due and payable beginning on June 16, 2010; and a Second Reamoritization Agreement which provided that monthly installments would be due in the amount of $593.65 beginning on December 16, 2013. *Id.* at ¶¶ 8-10.

The Complaint alleges that the Soto Defendants are in default pursuant to the terms of the Note and the Mortgage because they failed to pay the monthly installments—beginning with the June 6, 2014 monthly installment and all subsequent installments that were due. *Id.* at ¶ 11. Consequently, and pursuant to the terms of the loan documents, the United States declared the entire amount of the indebtedness immediately due and payable and demanded payment. *Id*. at ¶ 12. As of the date of the Complaint, the default had not been cured. *Id*. at ¶ 13.

On August 21, 2019, Defendant L. Soto signed a Waiver of Service of Summons. (Dkt. No. 2). Thereafter, on January 22, 2020, the Clerk of Court entered default against Defendant after she failed to answer or otherwise respond to the Complaint. (Dkt. No. 7).

---

[2] The Complaint alleges that the Mortgage was recorded on October 20, 1998 with the Recorder of Deeds, St. Croix Division. (Dkt. No. 1 at ¶ 7).

On November 9, 2021, the United States filed the instant Motion for Default Judgment solely against Defendant L. Soto following the entry of a Consent Judgment with Defendant Juan C. Soto, Sr. on March 12, 2020. (Dkt. No. 13-1). In its Memorandum in Support of its Motion, the United States asserts that default judgment is appropriate against Defendant L. Soto because: (1) Defendant signed the Note and Mortgage which is evidence of the debt owed to the United States and that she pledged the Property as security for the debt; and (2) the Note and Mortgage provide the authority for the United States to foreclose on the Property. (Dkt. No. 35 at 3).

The United States also avers that the procedural elements for default judgment against Defendant L. Soto have been satisfied because Defendant received notice of the foreclosure action; Defendant failed to file an answer to the Complaint; and Defendant is not a minor or incompetent person, nor in active duty in any branch of the military service. *Id.* at 3-4. In addition, the United States asserts that it has satisfied the three factors for determining whether default judgment is appropriate, as set forth in *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).[3] *Id.*

Along with the Motion for Default Judgment, the United States included a "Declaration on the Certification of Government Records," signed by Kimme R. Bryce, Area Director, Rural Development[4], who attests that she has personal knowledge of the documents executed by Defendant L. Soto, which are maintained as part of the United States' business records. (Dkt. No. 36-3). Additionally, Ms. Bryce signed a Certificate of Indebtedness certifying that the indebtedness on the Note is set forth on the Payoff Information Sheet, which itemizes how the interest and costs

---

[3] The three *Chamberlain* factors that bear on whether a default judgment should be entered are: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to [defendant's] culpable conduct." *J&J Sports Productions, Inc. v. Ramsey*, 757 F. App'x 93, 95 n.1 (3d Cir. 2018) (citing *Chamberlain*, 210 F.3d at 164).

[4] Rural Development is an agency of the United States Department of Agriculture.

on the account were calculated. (Dkt. No. 36-4). Based on the information provided, the indebtedness to the United States as of October 15, 2021 consists of a principal balance of $45,467.21; accrued interest from May 16, 2014 through October 15, 2021 of $21,090.73; late charges of $111.99; fees of $15,758.84 (consisting of escrow fees for taxes and insurance of $15,268.07, additional escrow fees due of $290.77, and title search fees of $200.00); and accrued interest on the fees (taxes, insurance, and title search fees) of $2,677.56 through October 15, 2021, for a total indebtedness of $85,106.33. *Id*. In addition, Ms. Bryce asserts that $7.7855 in per diem interest continues to accrue on the principal balance and $2.6487 in per diem interest on the fees after October 15, 2021. *Id.* at 2.

Counsel for the United States, Angela Tyson-Floyd, Esq., also provided a Declaration of Counsel in support of the United States' Motion for Default Judgment. (Dkt. No. 36-1). Attorney Tyson-Floyd attests that Defendant L. Soto is neither a minor nor incompetent person and Defendant is not a member of the military as verified through the Department of Defense Manpower Data Center's database. *Id*.

On March 23, 2020, the United States filed a request for a 60-day stay due to a foreclosure moratorium for borrowers with USDA Single-Family Housing Direct loans in light of the COVID-19 pandemic. (Dkt. Nos. 14, 14-1). After granting several extensions of the stay at the behest of the United States, the Magistrate Judge lifted the stay on September 1, 2021. (Dkt. No. 33). To date, Defendant L. Soto has not responded to the United States' Motion for Default Judgment.

## II. APPLICABLE LEGAL PRINCIPLES

When considering a motion for default judgment, the Court accepts as true any facts contained in the pleadings regarding liability. Fed. R. Civ. P. 8(b)(6). Legal conclusions, however, are not deemed admitted, nor is the extent or amount of damages claimed by a party. *See Star*

*Pacific Corp. v. Star Atl. Corp.*, 574 F. App'x 225, 231 (3d Cir. 2014); *Service Employees Int'l Union Local 32BJ v. ShamrockClean, Inc.*, 325 F. Supp. 3d 631, 635 (E.D. Pa. 2018); Fed. R. Civ. P. 8(b)(6). Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Pieczenik v. Comm'r New Jersey Dept. of Envir. Protection*, 715 F. App'x 205, 208-09 (3d Cir. 2017); *Catanzaro v. Fischer*, 570 F. App'x 162, 165 (3d Cir. 2014).

An application for entry of default judgment must contain evidence, by affidavits and/or documents, of the following:

> (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of [the] judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the [Servicemember's] Civil Relief Act.

*Bank of Nova Scotia v. Tutein*, Civil Action No. 2017-0016, 2019 WL 2656128, at *3 (D.V.I. June 27, 2019); *see also* Fed. R. Civ. P. 55(b); *Ditech Financial LLC v. Felice*, Civil Action No. 2016-94, 2018 WL 1771558, at *2 (D.V.I. Apr. 12, 2018). Additionally, the Court must assess the three *Chamberlain* factors when determining whether a default judgment is appropriate. *J&J Sports Productions, Inc. v. Ramsey*, 757 F. App'x 93, 95 n.1 (3d Cir. 2018) (citing *Chamberlain,* 210 F.3d at 164).

### III.   DISCUSSION

The United States has satisfied all of the requirements necessary to obtain a default judgment against Defendant, as confirmed by the factual allegations of the Complaint and the Motion for Default Judgment, together with the accompanying documents. The United States has shown that: (1) Defendant L. Soto executed and delivered to the United States a Note and Mortgage (Dkt. Nos. 1-1; 1-2); (2) Defendant is in default under the terms of the Note and Mortgage (Dkt.

No. 1-6); and (3) the United States has possession of the Note and is the holder of the Mortgage, which provides that the United States is entitled to foreclose its lien on the Property (Dkt. No. 1-2 at ¶ 22). Accepting the factual allegations as true, in light of the accompanying documentation confirming the terms of the Note and Mortgage, the Court finds that the United States has established the merits of its claim for purposes of default judgment.

In addition to establishing the elements of its claim, the United States has satisfied all of the procedural requirements necessary to obtain a default judgment against Defendant L. Soto. The United States has properly shown that: (1) Defendant signed a Waiver of Service of Summons (Dkt. No. 2); (2) Defendant has not appeared in this matter; (3) default was entered against Defendant by the Clerk of Court (Dkt. No. 7); and (4) Defendant is neither a minor nor an incompetent person (Dkt. No. 36-1 at ¶ 5). Further, the United States has provided copies of Military Status Reports from the Department of Defense Manpower Data Center establishing that Defendant is not in the military service as defined in the Servicemember's Civil Relief Act, 50 U.S.C. § 3931 [formerly 50 App. U.S.C. § 526(a)] (Dkt. No. 36-2).

The United States has also shown with specificity how it calculated the amount due on the account by providing the Declaration of Kimme Bryce, a Certificate of Indebtedness, and a Payoff Information Sheet. (Dkt. No. 36-4 at 2). The Court finds that the following amounts are due: principal balance of $45,467.21; accrued interest from May 16, 2014 through October 15, 2021 of $21,090.73; accrued interest from October 16, 2021 through the date of entry of Judgment of $4,640.16[5]; late charges of $111.99; fees of $15,758.84 (consisting of escrow fees for taxes and insurance of $15,268.07, additional escrow fees of $290.77, and title search fees of $200.00); accrued interest on the fees (taxes, insurance, title search fees) through October 15, 2021 of

---

[5] $7.7855 per diem rate *x* 596 days =$4,640.16 accrued interest

6

$2,677.56; and accrued interest on the fees (taxes, insurance, title search fees) from October 16, 2021 through the date of entry of Judgment of $1,578.63[6], for a total indebtedness of $91,325.12.

Finally, the United States has argued, and the Court has considered, the *Chamberlain* factors and finds that the prejudice to the United States resulting from Defendant's breach of her contractual obligations together with the apparent absence of a litigable defense weigh in favor of the Court granting default judgment. In addition, Defendant's culpable conduct is evidenced by her refusal to respond to the Complaint. *See World Ent'mt Inc. v. Brown*, 487 Fed. Appx. 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to complaint because such failure showed a willful disregard for plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc.,* Civil Action No. 2011-0059, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint).

Accordingly, the Court finds that default judgment against Defendant L. Soto is appropriate.

## IV.   CONCLUSION

For the reasons discussed above, the Court will grant the United States' "Motion for Default Judgment" (Dkt. No. 34) against Defendant Luz E. Soto. Accordingly, the Court will award Judgment in favor of the United States and against Defendant in the amount of $91,325.12 consisting of: the principal balance of $45,467.21; accrued interest from May 16, 2014 through October 15, 2021 of $21,090.73; accrued interest from October 16, 2021 through the date of entry of Judgment of $4,640.16; late charges of $111.99; fees of $15,758.84 (consisting of escrow fees for taxes and insurance of $15,268.07, additional escrow fees due of $290.77, and title search fees of $200.00); accrued interest on the fees (taxes, insurance, title search fees) through October 15,

---

[6] $2.6487 per diem rate *x* 596 days =$1,578.63 accrued interest

2021 of $2,677.56; and accrued interest on the fees (taxes, insurance, title search fees) from October 16, 2021 through the date of entry of Judgment of $1,578.63. The total indebtedness shall accrue interest at the federal statutory rate until the Judgment is satisfied. 28 U.S.C. § 1961(a).

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: June 3, 2023                              _____/s/_____
                                                WILMA A. LEWIS
                                                District Judge